## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| INI WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1405-JAR |
| | ) | |
| EQH SERVICE COMPANY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of *pro se* plaintiff Ini Watson for leave to proceed *in forma pauperis* in this employment discrimination action. Having reviewed the motion and the financial information therein, the Court has determined to grant the motion. Additionally, for the reasons explained below, the Court will dismiss defendants Michael Mullenix and Jaime Hagedorn from this action, and will give plaintiff the opportunity to file an amended complaint to clearly identify her employer.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### The Complaint

Plaintiff initiated this civil action on November 30, 2021 by filing an employment discrimination complaint against an entity identified as "EQH Service Company, LLC," and two

individuals: Michael Mullenix, and Jaime Hagedorn. Plaintiff identifies Mullenix as "Owner of EQH Service Company, LLC/Marriott Hotels," and she identifies Hagedorn as the "General Manager of Residence Inn/Earth City." (ECF No. 1 at 7). Plaintiff avers that all defendants are located at 3290 Rider Trail South, Earth City, Missouri 63045, which is the address of a Residence Inn by Marriott.

Plaintiff prepared the complaint using a Court-provided form, as required. Plaintiff placed check marks to indicate she brings this lawsuit pursuant to the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff can be understood to allege she worked in housekeeping at the Residence Inn in Earth City, and Hagedorn was her supervisor. Plaintiff alleges she has a disability as defined in the ADA, and requested "a reasonable accommodation to work on lighter days." *Id.* at 6. However, Hagedorn did not honor that request. Plaintiff avers that she would not have needed an accommodation if she had been permitted to perform her usual duties as Housekeeping Supervisor. *Id.* at 7.

Plaintiff was reprimanded for attendance issues and threatened with termination on November 19, 2020. On January 7, 2021, Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC"). She avers she complained of the same conduct in that administrative charge. On September 9, 2021, the EEOC issued plaintiff a Notice of Right to Sue, which plaintiff attached to the complaint. The letter contains no reference to "EQH Service Company, LLC," and instead identifies the employer as Marriott International, Inc., One Memorial Drive, 12th Floor, St. Louis, Missouri 63102.

## Discussion

"The ADA bars private employers from discriminating against a qualified individual on the basis of disability." *Faidley v. United Parcel Serv. of America, Inc.*, 889 F.3d 933, 940 (8th

Cir. 2018). However, individuals cannot be held liable under the ADA. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999). Therefore, Michael Mullenix and Jaime Hagedorn will be dismissed from this action.

Plaintiff can sue her employer under the ADA. However, the complaint does not contain sufficient facts to permit this Court to infer that "EQH Service Company, LLC" actually is or was Plaintiff's employer. Plaintiff does not allege she had an employment relationship with that entity, and independent inquiry does not show that an entity identified as "EQH Service Company, LLC" is located at the address Plaintiff provided in the complaint. Importantly, that entity is not identified on the September 9, 2021 Notice of Right to Sue letter as the employer that was involved in Plaintiff's case at the administrative level. Instead, as noted above, that employer is identified as Marriott International, Inc., One Memorial Drive, 12th Floor, St. Louis, Missouri 63102.

The Court will give Plaintiff the opportunity to file an amended complaint to clarify the identity of the employer she wishes to sue. Plaintiff must type or neatly print the amended complaint on the Court's Employment Discrimination Complaint form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). The amended complaint will replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

In the amended complaint, Plaintiff must clearly identify the employer she wishes to sue for employment discrimination based upon the ADA. Plaintiff is reminded that she may not sue individuals for employment discrimination under the ADA. *See Alsbrook,* 184 F.3d at 1005 n. 8. Plaintiff must prepare the amended complaint in accordance with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be

simple, concise and direct. Rule 10 requires plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. The amended complaint will be subject to review under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Michael Mullenix and Jaime Hagedorn are **DISMISSED without prejudice**. A separate Order of Partial Dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide Plaintiff with a copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint on the Court-provided form, in accordance with the instructions set forth above, within **thirty (30) days** from the date of this order.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

Dated this 7th day of February, 2022.

_John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE