UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
_____DIVISION

Ini Watson

Plaintiff(s),

v.

Marriott International Inc.,
EQH Service Company, LLC.

Defendant(s).  (Enter above the full name(s)
of all defendants in this lawsuit. Please
attach additional sheets if necessary.)

Case No. 4:21-CV-1405-JAR

(to be assigned by Clerk of District Court)

JURY TRIAL DEMANDED

YES ✓   NO ☐

## EMPLOYMENT DISCRIMINATION COMPLAINT

1.   This employment discrimination lawsuit is based on (check only those that apply):

____   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for
employment discrimination on the basis of race, color, religion, gender, or national origin.
**NOTE**: *In order to bring suit in federal district court under Title VII, you must first obtain
a right-to-sue letter from the Equal Employment Opportunity Commission.*

____   Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*, for
employment discrimination on the basis of age (age 40 or older).
**NOTE**: *In order to bring suit in federal district court under the Age Discrimination in
Employment Act, you must first file charges with the Equal Employment Opportunity
Commission.*

✓   Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*,
for employment discrimination on the basis of disability.
**NOTE**: *In order to bring suit in federal district court under the Americans with
Disabilities Act, you must first obtain a right-to-sue letter from the Equal Employment
Opportunity Commission.*

_____ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance.

**NOTE**: *In order to bring suit in federal district court under the Rehabilitation Act of 1973, you must first file charges with the appropriate Equal Employment Office representative or agency.*

✓ Other (Describe)
    Harrassment, Denial of Benefits

**PARTIES**

2.   Plaintiff's name: Ini Watson

     Plaintiff's address: 835 N. Park Lane
                          Street address or P.O. Box

                          Florissant MO 63031
                          City/ County/ State/Zip Code

                          (314) 853-2077
                          Area code and telephone number

3.   Defendant's name: Marriott International Inc.

     Defendant's address: 10400 Fernwood Road
                          Street address or P.O. Box

                          Bethesda, MD 20817
                          City/County/State/ Zip Code

     _____
     Area code and telephone number

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES, ADDRESSES AND TELEPHONE NUMBERS ON A SEPARATE SHEET OF PAPER.**

2

Parties:

# 3 - Defendant's name: EQH Service Company, LLC
Defendant's address: ℅ Margaret D. Gentzen, Esq.
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102

4.     If you are claiming that the discriminatory conduct occurred at a different location, please provide the following information:

N / A

(Street Address)            (City/County)            (State)    (Zip Code)

5.     When did the discrimination occur?  Please give the date or time period:

11/10/2020

## ADMINISTRATIVE PROCEDURES

6.     Did you file a charge of discrimination against the defendant(s) with the Missouri Commission on Human Rights?

[✓] Yes     Date filed: 01/07/2021

[ ] No

7.     Did you file a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency?

[✓] Yes     Date filed: 01/07/2021

[ ] No

8.     Have you received a Notice of Right-to-Sue Letter?

[✓] Yes                        [ ] No

If yes, please attach a copy of the letter to this complaint.

9.     If you are claiming age discrimination, check one of the following:

_____60 days or more have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.

_____fewer than 60 days have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.

3

**NATURE OF THE CASE**

10.     The conduct complained of in this lawsuit involves (check only those that apply):

_____ failure to hire me

_____ termination of my employment

_____ failure to promote me

__✓__ failure to accommodate my disability

__✓__ terms and conditions of my employment differ from those of similar employees

_____ retaliation

__✓__ harassment

__✓__ other conduct (specify):
       Harm and Burden


Did you complain about this same conduct in your charge of discrimination?

   [✓] Yes                        [ ] No

4

11.    I believe that I was discriminated against because of my (check all that apply):

_____    race

_____    religion

_____    national origin

_____    color

_____    gender

__✓__    disability

_____    age (birth year is:     _____)

_____    other:


Did you state the same reason(s) in your charge of discrimination?

✓ Yes                              No

12.    State here, as briefly and clearly as possible, the essential facts of your claim. Describe specifically the conduct that you believe is discriminatory and describe how each defendant is involved in the conduct. Take time to organize your statement; you may use numbered paragraphs if you find it helpful.  It is not necessary to make legal arguments, or to cite cases or statutes.

See attached: Claimant's Amended Petition to
Determine Failure To
Accommodate


(Continue to page 6, if additional space is needed.)

5

(Attach additional sheets as necessary).

13.     The acts set forth in paragraph 12 of this complaint:

☐ are still being committed by the defendant.

☐ are no longer being committed by the defendant.

☑ may still be being committed by the defendant.

## REQUEST FOR RELIEF

State briefly and exactly what you want the Court to do for you.  Make no legal arguments;

cite no cases or statutes.

See attached Claimant's Petion for
Relief

14.     Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule

7

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___ day of _March_ ; 20 22 .

Signature of Plaintiff _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

INI WATSON,
    Claimant,       No.4:21-CV-1405-JAR

V.

MARRIOTT INTERNATIONAL INC. et al.,
    Defendants.

## <u>CLAIMANT'S PETITION FOR RELIEF AGAINST DEFENDANTS MARRIOTT INTERNATIONAL et al.</u>

Claimant asserts and incorporates by reference the assertions in the following paragraphs.

1. Claimant is a qualified woman of color with a chronic lung disease called asthma;
2. Defendants conduct on November 10, 2020 was consistent with violating the Americans With Disabilities Act by failing to accommodate Claimant's asthma.
3. Claimant's request to accommodate her asthma would not have caused the Defendants any undue hardship by adjusting the schedule, even if temporarily, to allow Claimant to work days that limited her exposure to chemicals and mold.
4. The Defendants do not cite any hardship to its company during the Commission's investigation.
5. Claimant suffered an adverse employment action when she was reprimanded for attendance on November 19, 2020.
6. The Defendants actions in doing so were inconsistent with its own attendance policy at the time.
7. As a proximate result of the unlawful acts described above, Claimant suffered and continued to suffer injury.
8. Defendants unlawful actions were and are intentional, willful, malicious and/or done with reckless disregard to Claimant's right to be free from discrimination based on her disability.
9. Claimant is entitled to injunctive and declaratory relief, including emergency relief, compensatory damages, punitive damages, attorney fees and costs.

Respectfully Submitted,

Ini Watson

Certificate of Service

This is to certify that a true copy of Claimant's Petition for Relief was forwarded by certified mail on this _16ᵗʰ_ day of March 2022 to the following:

Margaret D. Gentzen, Esq.
Fox Smith, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102

EQH SERVICE COMPANY LLC. (contractor with MARRIOTT INTERNATIONAL INC.)
10400 Fernwood Road
Bethesda, MD 20817

Respectfully Submitted,

Ini Watson

Alxas Mitchell
1/24/2025

ALEXIS MARIE MITCHELL
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: January 24, 2025
Commission Number: 21144209

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT


INI WATSON,
    Claimant,       No. 4:21-CV-1405-JAR

V.

MARRIOTT INTERNATIONAL INC. et al.,
    Defendants.

## CLAIMANT'S PETITION TO DETERMINE FAILURE TO ACCOMMODATE
VIOLATION OF TITLE I AMERICANS WITH DISABILITIES ACT

Claimant, Ini Watson, affirms and states as follows her amended complaint against the Defendant(s) MARRIOTT INTERNATIONAL INC. et al., for failure to accommodate in violation of Title I of the Americans with Disabilities Act.

1. Defendant, MARRIOTT INTERNATIONAL INC. is an American Multinational company that operates, franchises, and licenses lodging including hotel, residential and timeshare properties.
2. It is located at 10400 Ferwood Road, Bethesda Maryland 20817 as the headquarter of the MARRIOTT brand.
3. MARRIOTT INTERNATIONAL INC. has approximately 176,000 employees.
4. The RESIDENCE INN by MARRIOTT is located at 3290 RIDER TRAIL SOUTH, EARTH CITY MISSOURI 63045. See: EXHIBIT A
5. This RESIDENCE INN by MARRIOTT is managed and operated by EQH SERVICE COMPANY LLC. under licensing from MARRIOTT INTERNATIONAL INC.
6. EQH SERVICE COMPANY LLC. currently employs 125 individuals as indicated in its Response to the Commission's Initial Respondent Interrogatory.
7. On behalf of MARRIOTT INTERNATIONAL INC., EQH SERVICE COMPANY LLC. acts as an agent by and through its day to day operations, logos, uniforms, training, hiring, firing etc.
8. Claimant has asthma. See: EXHIBIT B
9. Asthma is a chronic lung disease which affects an individual's respiratory system and if not controlled properly, it could cause death.
10. Some of the symptoms associated with this disease are cough, chest congestion, fatigue and difficulty breathing.
11. Flare ups or episodic attacks are unpredictable attacks to an individual's respiratory system that substantially limits the ability to breathe.
12. Claimant has been hospitalized more than once for asthma.

13. The medications prescribed are used to reduce the inflammation within the lungs to allow air in and out.
14. In this case, Claimant's medications consist of a rescue inhaler and a daily intake of tablets to manage and control her asthma.  See:  EXHIBIT C
15. Claimant learned from an allergy test that her flare ups were triggered by mold and chemicals used at work.  See:  EXHIBIT D
16. Claimant was unaware of her allergies to mold and chemicals at the time of her request for an accommodation for her asthma on November 10, 2020.
17. Claimant is currently employed with EQH SERVICE COMPANY, LLC as a full-time hourly employee.
18. Claimant's current pay rate is $17.94 per hour.
19. Claimant's current title is Housekeeping Supervisor.
20. Claimant was employed by EQH SERVICE COMPANY LLC. on September 3, 2018 as a Room Attendant at the RESIDENCE INN in Earth City, Missouri.
21. Claimant's previous role and title as a Room Attendant consisted of daily general cleaning of guests rooms by meeting the physical demands of the work environment required to stand, walk, bend, stoop, kneel, crawl, lift, push and/or carry items up to 25 pounds.  See:  EXHIBIT E
22. Claimant was promoted to Housekeeping Supervisor on May 2, 2019 with a promise for an office space, pay increase, laptop and further training.
23. Claimant's duties as the newly promoted Housekeeping Supervisor included inspecting, staging rooms, preparing assignments and frequently performing the duties of her previous title and role with the expectation that she would be able to perform duties more consistent with her title and role as Housekeeping Supervisor.  See:  EXHIBIT F
24. On or around March 19, 2020 Claimant learns that she had been required to work at the RESIDENCE INN during the global pandemic as an Essential Worker.
25. Claimant's work hours were reduced and remained reduced until around December 2020 when business started picking up.  See:  EXHIBIT G
26. Claimant received unemployment benefits from around May 2020 thru November 2020.  See:  EXHIBIT H
27. On or June 17, 2020 Claimant was diagnosed with Pneumonia after suffering an asthma attack at work on or around June 15, 2020.
28. On or around June 17, 2020 Claimant informs her supervisor through text messaging that she will be seeking emergency care for her asthma and will not be coming in to work.  See:  EXHIBIT I
29. Claimant was experiencing difficulty breathing.
30. On around June 23, 2020 Claimant returned to work physically exhausted and struggling to complete assignments.
31. Claimant began voicing her concerns with her supervisor and had requested to use PTO for more time off.
32. Claimant's supervisor responded, "corporate would not allow more than two days (16 hours) of PTO at a time" when Claimant was unaware of whether or not there had been any material changes to the policy that limited this benefit during the pandemic.

33. Claimant was granted the use of two days of PTO on or around July 27, 2020 and July 28, 2020.  See:  EXHIBIT J

34. On or around August 29, 2020 while Claimant was out a second time for asthma related symptoms, she contacted ADP via email regarding her health and PTO.  See:  EXHIBIT K

35. Claimant expressed that she had over 60 hours of PTO and believed she should have been allowed to use more than two days (16 hours) at a time per policy.

36. On or around September 2, 2020, Claimant receives correspondence from her supervisor regarding FFCRA- Families First Coronavirus Response Act.  See:  EXHIBIT L

37. It included a note which said:  "Ini Please fill out for both periods of time out.  1st time out testing and this one.  Send back ASAP please.  Thank you!"

38. Claimant's supervisor had explained the reason being was to code for quarantine hours as a result of having COVID-19 tests while out on 6/17; 6/18; 6/19 and 8/24; 8/25; 8/28 of the year 2020.

39. On or around September 7, 2020 a representative with ADP calls Claimant to verify the unpublished policy change from five days to two.

40. The ADP representative also indicated that the male associate was allowed to have six days off in a row because he was in a different department.

41. Claimant believed her supervisor acted in an unprofessional manner with a total disregard for her health.

42. On or around September 8, 2020 Claimant returns to work on "sheet change" day because Claimant's supervisor had changed it from Monday to a Tuesday.  See:  EXHIBIT M

43. Claimant's return was met with a number of neglected guest rooms and previously occupied rooms with mold to be completed within a specified amount of time.

44. It was mentally and physically challenging for Claimant seeking relief from the physical demands of her assignments to clean rooms when her supervisors would notate, "finish whole boards please" or "need ALL rooms on boards for arrivals!" or "please stay til 2pm!"  See:  EXHIBIT N

45. Prior to November 10, 2020 Claimant's supervisors were aware of her issues with asthma yet had overlooked Claimant's physical struggles.

46. On or around November 10, 2020 Claimant made a request to receive an accommodation for her asthma as verified with an email between Defendant(s) and an ADP representative.  See:  EXHIBIT O

47. Claimant's request was not for hours to be reduced but to adjust the schedule so that Claimant could be relieved of the prolonged exposure to chemicals and the physical demands to complete assignments on "full service" days (heavy days).

48. Adjustment of EQH's scheduling would not have caused any undue hardship but rather a reasonable accommodation that would have provided Claimant with the ability to meet the physical demands of the duties she was assigned without feeling emotionally distressed, physically drained.

49. Claimant's request to work on "lighter days" was denied on the basis it would not be fair to the others.

50. In its Position Statement to the Commission, EQH SERVICE COMPANY LLC. asserts no undue hardship as its reasoning for denying Claimant's request to accommodate her asthma only stating, "it is nearly impossible for a company like EQH to predict which days will be "easy"."  See:  EXHIBIT P

51. As of September 2021, during the same month Claimant received her Right To Sue letter, Claimant received an office space and further training for scheduling of the housekeeping staff.

52. Claimant learned how to schedule housekeeping staff according to which days would be "heavy" and which days would be "lighter" by reviewing the RESIDENCE INN's statistics report.

53. On or around November 10, 2020 Claimant's supervisor emailed a representative with ADP stating that, "I have a housekeeping supervisor Ini Watson.  She has gone to the ER this pandemic and had asthma issues."

54. On or around November 10, 2020 Claimant was reprimanded with 5 points for attendance after being permitted to leave less than four hours into the work shift.

55. Claimant questions the Defendant(s) actions in disregarding its own attendance policy at the time indicating, "1 point for leaving less than four hours into a scheduled work shift" when Claimant received 5 points.  See:  EXHIBIT Q

56. On or around November 13, 2020 Claimant called off work for a dental appointment and for personal reasons related to her asthma.

57. Claimant received medical documentation from the dentist to be excused from work until November 17, 2020.

58. Claimant expected her absences to be excused in the same manner as before when;

59. Claimant's medical documentation excused absences from work June 17, 2020 thru June 23, 2020 and from August 23, 2020 thru September 8, 2020.

60. Claimant has no prior record of disciplinary action taken against her for attendance.

61. On or around November 19, 2020 Claimant suffers an adverse employment action when she is informed of an unexpected write-up for attendance and threatened with termination if her attendance does not improve within the timeframe specified on the RESIDENCE INN counseling form.  See:  EXHIBIT R

62. Claimant's supervisor accepted her medical documentation to be excused for three days of scheduled work- November 13, 2020; November 15, 2020 and November 16, 2020.

63. In doing so, Claimant's supervisor brought to her attention that the medical documentation provided from the dentist contained an error indicating a return date of November 10, 2020.  See:  EXHIBIT S

64. Claimant followed up with the dentist to obtain medical documentation indicating the correct return date of November 17, 2020.  See:  EXHIBIT T

65. The Defendant(s) in its Response for Additional Information to the Commission asserts that Claimant was disciplined for attendance yet failed to disclose a copy of its policy describing violation of its policy as described in paragraph 55.  See:  EXHIBIT U

66. Otherwise, it would be fair to conclude that Claimant was wrongly written up for attendance following her request to accommodate her asthma.

67. Its actions were indicative of being unfair, malicious, unreasonable and retaliatory.

68. On or around December 10, 2020 Claimant consulted with a medical physician regarding her asthma and multiple visits to Urgent Care;

69. Claimant was diagnosed with depression and referred to counseling; and

70. Claimant submitted to an allergy test to determine, if any, what allergens were responsible for her episodic attacks.

71. On or around January 5, 2021 Claimant forwarded certified correspondence to her supervisors at the RESIDENCE INN disputing the write-up citing EQH's attendance policy at the time, inquiring of whether or not disciplinary action was taken against an associate for insubordination and job abandonment and Notice of Harm and Burden. See:  EXHIBIT V

72. To date, Claimant has not received any written or verbal response regarding any of her correspondence as stated in paragraph 71.

73. On or around January 7, 2021 a Notice of a Charge of Disability Discrimination was duly filed with MCHR and the EEOC against MARRIOTT INTERNATIONAL INC.

74. On or around January 8, 2021 Claimant's supervisor enters her work space without warning to insist that she takes all the FMLA she wants.

75. On or around January 9, 2021 Claimant receives correspondence via email and certified mailed from RESIDENCE INN by MARRIOTT new Human Resources Department requiring her to provide a medical certification from a physician to qualify any future absences under the Family and Medical Leave Act (FMLA) when the timing of this correspondence was questionable.  See:  EXHIBIT W

76. Claimant questions her supervisor's actions and the reasons why she was being aggressively forced to take FMLA on or around January 8, 2021 when;

77. On or around December 14, 2020 Claimant emailed a request to ADP for FMLA paperwork out of fear that she may lose her employment due to her asthma.  See: EXHIBIT X

78. On or around December 18, 2020 the Defendant(s) interfered with Claimant's request for FMLA by abruptly and unexpectedly ending its relationship with ADP.

79. Claimant's response on or around January 16, 2021 to RESIDENCE INN new Human Resources Department reflected that Claimant, "look forward to showing up as scheduled and eventually having the opportunity to engage in meaningful dialogue with my supervisor."  See:  EXHIBIT Y

80. On or around January 21, 2021 MARRIOTT INTERNATIONAL INC. had received Notice that a complaint had been filed against it for failure to accommodate Claimant's disability.

81. The Defendant(s) failed to disclose to the Commission Claimant's work schedule 2-3 months after her request to accommodate her asthma when the schedule reflects the Defendant(s) willful actions to continue to schedule Claimant on "heavy" days while other housekeeping staff were rotated.  See:  EXHIBIT Z

82. The months following include the investigation into the unlawful conduct exhibited by the Defendant(s) without a definitive finding of the Commission that it violated the Americans with Disabilities Act.

For all the reasons stated above, it is Claimant's belief that Defendant(s) failed to accommodate Claimant's asthma and fraudulently misrepresented facts to the Commission with the intention to prevent a finding that it committed a violation of the Americans with Disabilities Act.

Claimant expects the evidence (Exhibits A thru Z) to support her claims as described in paragraphs 1- 82 when the Defendant(s) substituted its own judgment of the law to engage in unlawful business conduct.

Respectfully Submitted,

Ini Watson

Certificate of Service

This is to certify that a true copy of Claimant's amended Complaint for Failure to Accommodate was forwarded by certified mail on this _18th_ day of March 2022 to the following:

Margaret D. Gentzen, Esq.
Fox Smith, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102

EQH SERVICE COMPANY LLC. (contractor with MARRIOTT INTERNATIONAL INC.)
10400 Fernwood Road
Bethesda, MD 20817

Respectfully Submitted,

Ini Watson

Alexis Mitchell
1/24/2025

ALEXIS MARIE MITCHELL
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: January 24, 2025
Commission Number: 21144209