IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INI WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  4:21-CV-1405 JAR |
| | ) |
| EQH SERVICE COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **DEFENDANT EQH SERVICE COMPANY, LLC'S MOTION TO DISIMISS PLAINTIFF'S AMENDED COMPLAINT**

Comes Now Defendant, EQH Service Company, LLC, by and through its attorneys, Fox Smith, LLC, and, pursuant to Federal Rule of Civil Procedure 12(b)(6), for its Motion to Dismiss Plaintiff's Amended Complaint, states as follows:

1. Plaintiff's First Amended Complaint alleges Defendant failed to accommodate her purported disability, asthma, pursuant to the Americans with Disabilities Act.  Court Doc. 12, p. 12 at ¶8.

2. As currently stated in her First Amended Complaint and summarized below, Plaintiff cannot sustain a claim for failure to accommodate under the Americans with Disabilities Act ("ADA").

3. To effectively plead a claim for failure to accommodate, Plaintiff must plead facts to suggest a plausible claim of disability discrimination pursuant to the ADA. *Bohner v. Union Pacific Railroad Co.*, 2020 WL 5517575 at *2 (E.D. Mo. Sept. 14, 2020)(citing *Kelleher v. Wal-Mart Stores, Inc.*, 817 F.3d 624, 631 (8th Cir. 2016)).

4. Plaintiff, however, cannot plead a plausible claim of discrimination under the ADA because her asthma is not a disability and she did not, and has not, suffered an adverse employment action. *See, e.g., Owens v. General Motors Corp.*, 2005 WL 2172041 at *4 (E.D. Mo. Sept. 7, 2005); *Donnelly v. St. John's Mercy Medical Ctr.*, 365 F.Supp.2d 970, 975 (E.D. Mo. 2009).

5. Where, under the disability discrimination analysis, a plaintiff does not sufficiently allege a disability or an adverse employment action, she cannot state a claim for failure to accommodate. *See, Johnson v. Robert McDonald Secretary Dept. of Veteran Affairs*, 2016 WL 3997072 at *6 (E.D. Mo. July 26, 2016) (analyzing the Rehabilitation Act, which is "applicable and interchangeable" with claims under the ADA); *Russell v. Shop 'N Save Warehouse Foods, Inc.*, 2010 WL 1462086 at *4 (E.D. Mo. Apr. 13, 2010).

6. Finally, even if Plaintiff could effectively plead sufficient allegations to pass the first hurdle of establishing a *prima facie* case of discrimination, she cannot establish Defendant failed to accommodate her or engage in the interactive good faith process to accommodate Plaintiff's alleged disability. *See, e.g., Owens*, 2005 WL 2172041 at *4 (plaintiff who is "regarded as" being disabled is not entitled to reasonable accommodations); *Whittington v. Tyson Foods, Inc.*, 2020 WL 7074185 at*10 (E.D. Mo. Nov. 2, 2020)

7. For the reasons set forth herein and in Defendant's accompanying Memorandum in Support of its Motion to Dismiss, incorporated herein by reference, Defendant respectfully requests this Court dismiss Plaintiff's First Amended Complaint, in its entirety.

WHEREFORE, Defendant EQH Service Company, LLC, hereby respectfully requests this Court dismiss Plaintiff's First Amended Complaint with prejudice, and for such other relief this Court deems just and proper.

          FOX SMITH, LLC

By:  /s/ Margaret D. Gentzen
Richard B. Korn, # 54570MO
rkorn@foxsmithlaw.com
Margaret Devereux Gentzen, #64862MO
mgentzen@foxsmithlaw.com
One Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
(314) 588-1965 (Fax)

ATTORNEYS FOR DEFENDANT
EQH SERVICE COMPANY, LLC

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 19, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

    The undersigned also hereby certifies that on April 19, 2022, a copy of the foregoing was sent via U.S. Mail, postage prepaid, to Pro se Plaintiff:

**Via U.S. Mail**

Ini Watson
835 N. Park Lane
Florissant, MO 63031
Phone: (314) 853-2077

PLAINTIFF PRO SE

          /s/ Margaret D. Gentzen