

RECEIVED
MAY 02 2022
BY MAIL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

INI WATSON,

    Claimant,

vs.                                          Case No. 4:21-CV-1405 JAR

EQH SERVICE COMPANY, LLC.,

    Defendant.

### CLAIMANT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

    Claimant, Ini Watson, files this response in opposition to Defendant's EQH SERVICE COMPANY, LLC. motion to dismiss Claimant's Amended Complaint For Failure To Accommodate. For the reasons stated below, Claimant respectfully requests that this Court deny Defendant's Motion To Dismiss in its entirety.

1. This case involves a failure to accommodate in violation of the Americans With Disabilities Act, as amended 2008.

2. It is discrimination for "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." Title 42 U.S.C. Section 12112(b)(5)(A)

3. "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, or other terms and conditions and privileges of employment." Title 42 Section 12112(a)

4. Claimant's Amended Complaint accompanied by exhibits establishes facts showing;

5. Claimant has a disability as defined by the ADA when;

6. Asthma is a physical impairment that, in this case, substantially limits one's breathing; Title 42 Section 12102(1)(2)

7. "An impairment that substantially limits one major life activity, such as breathing, need not limit other major life activities to be considered a disability."  Title 42 Section 12102(4)(c)

8. Whether or not Claimant's asthma is episodic it is considered a disability if it would substantially limit her breathing when active, as in this case.  Title 42 Section 12102(4)(D)

9. Claimant's Amended Complaint with exhibits also establishes facts showing;

10. Claimant informed the Defendant of her asthma and requested an accommodation; See Exhibit O

11. There was an accommodation available that would have been effective and would not have posed any undue hardship to Defendant, EQH SERVICE COMPANY LLC. when;

12. Adjustments to the schedule could have been made, in the same manner as shown in Exhibit M (Full Service was changed to Tuesday ) to allow Claimant to work on lighter days or

13. Allowing Claimant to work within the capacity of her title and role as Housekeeping Supervisor.  See:  Exhibit F

14. Yet, it is clear that the Defendant failed to provide an accommodation to the known physical impairment of Claimant's asthma on the basis "it would not be fair to the others" and "it is nearly impossible for a company like EQH to predict which days will be "easy.""  See:  Exhibit P

15. The Defendant elected to take an adverse employment action by wrongly reprimanding Claimant for attendance instead when;

16. This employment action was inconsistent with following its own attendance policy.  See: Exhibits Q; R

17. As a result of its actions in wrongly reprimanding Claimant for attendance, Claimant's employment status was contingent upon her attendance at a time when she needed the accommodation for her asthma the most.

18. The Defendant's Motion to Dismiss Claimant's Amended Complaint and its Memorandum of Law in Support of its Motion to Dismiss does not justify or eliminate its discriminatory conduct nor does it dispute any of the facts in its entirety, suggesting that, "Claimant's asthma is not a disability."  See:  Defendant's Motion To Dismiss Plaintiff's Amended Complaint, page 2- paragraph 4

19. For all the reasons stated in paragraphs 1- 18, Claimant respectfully requests this Court to deny the Defendant's Motion To Dismiss Claimant's Amended Complaint and its Memorandum in Support of its Motion To Dismiss, in its entirety.

Claimant prays to this grant to grant relief as sought and any other relief this Court deems just and proper for the Defendant's unlawful business conduct against Claimant.

## CERTIFICATE OF SERVICE

This is is certify that on April 28, 2022 a copy of Claimant's Response In Opposition To Defendant's Motion To Dismiss was forwarded to Defendant's Attorneys by certified mail: *And to the U.S District Court, Eastern District by regular mail.*

Margaret D. Gentzen
Richard B. Korn
One Memorial Drive, 12th Floor
St. Louis, MO 63102

*Office of the Clerk
United States District Court.
Eastern District of Missouri
111 S. Tenth Street
St. Louis, Missouri 63102*

Respectfully submitted,

*[signature]*

Ini Watson

*Alexis Mitchell*

*[signature]*

ALEXIS MARIE MITCHELL
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: January 24, 2025
Commission Number: 21144209

Watson
835 N. Park Ln
Florissant, MO 63031

U.S. POSTAGE PAID
FCM LG ENV
FLORISSANT, MO
63031
APR 28, 22
AMOUNT
$1.16
R2304M116518-5

Office of the Clerk
United States District Court
Eastern District of Missouri
111 S. Tenth Street
St. Louis, Missouri 63102

RECEIVED
MAY 02 2022
BY MAIL