IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

INI WATSON,                                    )
                                               )
        Plaintiff,                             )
                                               )
vs.                                            )    Case No.  4:21-CV-1405 JAR
                                               )
EQH SERVICE COMPANY, LLC,                      )
                                               )
        Defendants.                            )

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Comes Now Defendant, EQH Service Company, LLC, by and through its attorneys, Fox

Smith, LLC, and for its Reply to Plaintiff's Response to Motion to Dismiss, states as follows:

## INTRODUCTION

Plaintiff's Response to Defendant's Motion to Dismiss is legally deficient.  First, Plaintiff

does not provide this Court with any facts that she suffered a legally recognized adverse action.

Instead, she relies on speculation.  Second, her reference to her "substantial [breathing] impairment"

as a result of her asthma contradicts her Complaint and is not sufficiently pled.  Even with the liberal

construction afforded to *pro se* plaintiffs, Plaintiff cannot state a plausible claim.

Preliminarily, even considering Plaintiff's Complaint, she has failed to allege the legal

requirements to state a plausible claim for disability discrimination.  While a complaint "does not

need to include detailed factual allegations, the complaint must allege more than a sheer possibility

that a defendant acted unlawfully to survive a motion to dismiss."  *Matfield v. McDonald's*, 2022

WL 1036779 at *2 (W.D. Mo. Apr. 6, 2022).  *Pro se* litigants must set a claim forth in a manner

which, taking the pleaded facts as true, states a claim as a matter of law.  *Williams v. Progressive*

*Insurance Co.*, 20174 WL 115894 at* 1 (E.D. Mo. Mar. 28, 2017)(quoting *Cunningham v. Ray*, 648

F.2d 1185, 1886 (8th Cir. 1981).  The pleading of the elements of a *prima facie* case are also relevant to determining whether plaintiff can state a plausible claim.  *Evans v. Blanton Const. Co.*, 2018 WL 3375902 at *4 (E.D. Mo. July 11, 2018).  When evaluating the facts and the elements of a *prima facie* discrimination claim, the allegations must "raise a right to relief above the speculative level" to state a plausible claim.  *Id*.

## PLAINTIFF HAS NOT ALLEGED A LEGALLY
## COGNIZABLE ADVERSE ACTION

First, Plaintiff's Response illustrates the speculative nature of her failure to accommodate claim, which is not plausible on the face of her Amended Complaint.  For example, as stated in Defendant's Motion to Dismiss, and unaddressed by Plaintiff, an adverse action necessitates more than just a written disciplinary action.  Neither Plaintiff's Response nor her Amended Complaint identify facts that suggest a *legally recognized* adverse action was taken against her.  To the contrary, she concludes "Defendant elected to take an adverse employment action by wrongly reprimanding Claimant…"  Court Doc. 24 at ¶15.  She contends because of this action her employment was contingent upon her attendance.  *Id*. at ¶17.  Clearly, all employment is contingent upon attendance.  Regardless, the only factual basis for her adverse action is, simply, that she was given a reprimand.  No other adverse action is pled, let alone suggested.  Given the allegations as pled, and without engaging in impermissible speculation, Plaintiff has failed to state a claim upon which relief can be granted.

Moreover, Plaintiff's claim is not legally plausible on its face because there is an "insuperable bar to relief."  *See Morison v. Johnson*, 2019 WL 5697079 at *2 (Nov. 4, 2019).  Specifically, Plaintiff cannot establish a *prima facie* claim of disability discrimination as required for a failure to accommodate claim.  Plaintiff offers no legal authority to suggest a written disciplinary action for attendance amounts to an adverse action.  Instead, she relies upon her own speculation and

conclusory assertions, which are not sufficient as a matter of law to withstand a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Evans*, 2018 WL 3375902 at \*6 (granting motion to dismiss when claim was supported by nothing other than plaintiff's own legal conclusions and speculation). Simply put, even taking her allegations as true, Plaintiff has not stated a plausible claim because she was not subjected to a cognizable adverse action. Without an adverse action, she cannot state a claim for disability discrimination. This is an absolute bar to the relief she seeks. *See, e.g., Russell v. Shop 'N Save Warehouse Foods, Inc*., 2010 WL 1462086 at \*3 (E.D. Mo. April. 13, 2010) (plaintiff failed to state a claim because he failed to allege a material adverse employment action).

## PLAINTIFF IS NOT DISABLED UNDER THE LAW

Second, Plaintiff's Response highlights that she is not disabled as that term is defined under the Americans with Disabilities Act ("ADA"). While she recites the language from the ADA regarding "substantial limitation," she has not sufficiently alleged how her asthma substantially limits her daily life. A "substantial limitation" is ***not*** a limitation which "only interferes in a minor way with a major life activity." *Germany v. Moonrise Hotel*, 2013 WL 5442748 at \*4 (E.D. Mo. Sept. 30, 2013)(emphasis added). In fact, the ADA applies to "substantial limitations on major life activities, not utter inabilities." *Id*. The limitation must be such that it "prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives….". *Id*.

Plaintiff's description of her asthma illustrates she is not disabled. *See* Court Doc. 24 at ¶¶5-8. Plaintiff states in her Complaint she has asthma, which is controlled and managed. Court Doc. 12 at ¶14. Now, in her Response she states that her asthma substantially limits her breathing "when active." Court Doc. 8 at ¶8. She does not allege how on the one hand her asthma can be controlled

and managed, yet also substantially limit her major life activities.  Moreover, she admits in her Complaint that she is still employed as a Housekeeping Supervisor.  Arguably, if her breathing was so affected by her asthma, it would not be controlled or managed, and she would not be able to perform the functions of a housekeeping supervisor.

In summary, Plaintiff's Response fails to address Defendant's arguments, opting to regurgitate legal conclusions and surmise that she must have been wronged because she was disciplined, and happens to allegedly have asthma.  This not a logical leap that can be made, and has not been sufficiently pled on the face of her Complaint.  Although Plaintiff directs this Court to look at the nearly two hundred pages of exhibits, this Court cannot construct a legal theory for Plaintiff. *See, e.g. Gage v. Brennan*, 2018 WL 3105418 at *3 (E.D. Mo. June 25, 2018)(court will not supply additional facts or construct legal theories).

## **CONCLUSION**

For the reasons stated herein, and those in Defendant's Motion to Dismiss and Memorandum in Support, Defendant respectfully requests this Court dismiss this action with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

FOX SMITH, LLC


By:   /s/ Margaret D. Gentzen
Richard B. Korn, # 54570MO
rkorn@foxsmithlaw.com
Margaret D. Gentzen, #64862MO
mgentzen@foxsmithlaw.com
One Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
(314) 588-1965 (Fax)

Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 10, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

The undersigned also hereby certifies that on May 10, 2022, a copy of the foregoing was sent via U.S. Mail, postage prepaid, to Pro se Plaintiff:

**<u>Via U.S. Mail</u>**

Ini Watson
835 N. Park Lane
Florissant, MO 63031
Phone: (314) 853-2077

PLAINTIFF PRO SE


/s/ Margaret D. Gentzen