UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| INI WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-CV-1405-JAR |
| | ) | |
| EQH SERVICE COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant EQH Service Company, LLC's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 19). The motion is fully briefed and ready for disposition. For the reasons discussed below, the motion will be denied.

I.    **BACKGROUND**

Plaintiff Ini Watson, proceeding pro se, is employed by Defendant EQH Service Company, LLC as a Housekeeping Supervisor at a Residence Inn by Marriott in Earth City, Missouri.[1] Defendant promoted Plaintiff from Room Attendant to Housekeeping Supervisor in May 2019. Plaintiff's duties as a Housekeeping Supervisor include inspecting rooms and preparing assignments, but Plaintiff still performs certain Room Attendant duties such as daily cleaning of guest rooms.

Having been diagnosed with asthma, Plaintiff relies on medication and a rescue inhaler to manage her condition. Plaintiff experiences unpredictable asthma attacks sometimes triggered by mold and chemicals used in the course of her work and has been hospitalized multiple times due to her asthma. On November 10, 2020, Plaintiff requested that Defendant accommodate her asthma

---

[1] Unless otherwise noted, all facts in this section are alleged in Plaintiff's Amended Complaint (Doc. 12) and accepted as true for purposes of this Motion to Dismiss.

by scheduling her on "lighter days" instead of "heavy days" where she may experience prolonged exposure to chemicals. Defendant has previously expressed that it cannot necessarily predict which days will be light or heavy. In November 2020, Plaintiff called off work for a dental appointment along with "personal reasons related to her asthma." (Doc. 12 at 15, ¶ 56; Doc. 12-1 at 61). [2] Plaintiff received an attendance "write-up," or formal reprimand from her employer.

On January 7, 2021, Plaintiff filed a Notice of Charge of Disability Discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff a Notice of Right to Sue on September 9, 2021. (Doc. 1-1). Plaintiff proceeded to file suit in this Court on November 30, 2021 (Doc. 1), and the Court performed an initial review consistent with the requirements of 28 U.S.C. § 1915(e)(2). (Docs. 6, 11). Plaintiff's Amended Complaint alleges that Defendant violated the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), by failing to accommodate her asthma. (Doc. 12). [3] The Court construes Plaintiff's pro se filings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Defendant seeks to dismiss the case on the grounds that the Amended Complaint does not adequately allege that (i) Plaintiff suffers from a disability, (ii) an adverse

---

[2] The Court has considered the EEOC documents attached to Plaintiff's Amended Complaint (Doc. 12-1) as such documents are necessarily embraced by the pleadings. *See Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006) (citation omitted) ("[A] court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.").

[3] Plaintiff also checked boxes for "terms and conditions of my employment different from those of similar employees" and "harassment" on the Employment Discrimination Complaint form. (Doc. 12 at 5). It appears clear to the Court, however, that Plaintiff solely intends to raise a failure to accommodate claim and does not plausibly allege disparate treatment or harassment. Plaintiff makes conclusory references to harassment and disparate treatment but does not provide facts supporting the claims. *See Harris v. Esper*, No. 4:18-CV-690 JAR, 2019 WL 5213027, at *3 n.8 (E.D. Mo. Oct. 16, 2019) (declining to consider certain claims where plaintiff checked boxes but did not assert related facts).

The Court further notes that Plaintiff titled her Amended Complaint in part "Claimant's Petition to Determine Failure to Accommodate." (Doc. 12 at 12). In her response to Defendant's Motion to Dismiss, Plaintiff refers to her "Amended Complaint for Failure to Accommodate" and specifically states that this case "involves a failure to accommodate." (Doc. 24 at 1). The EEOC case appears to have exclusively concerned the alleged failure to accommodate. (Doc. 12-1 at 57). **If Plaintiff intends to raise disparate treatment or harassment claims, or any other claim beyond a failure to accommodate under the ADA, she may seek leave to file a Second Amended Complaint.**

2

employment action occurred due to Plaintiff's disability, and (iii) Defendant failed to accommodate any disability. (Docs. 19, 20).

## II.   LEGAL STANDARDS

### Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). When ruling on a motion to dismiss under Rule 12(b)(6), the district court must "accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### ADA – Failure to Accommodate

Plaintiff's claims all arise under the ADA, which prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Such discrimination includes "not making reasonable accommodations to the

3

known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." 42 U.S.C. § 12112(b)(5)(A).

To establish a *prima facie* case of discrimination based on disability, a plaintiff must demonstrate that she "(1) is disabled within the meaning of the ADA; (2) is a qualified individual under the ADA; and (3) has suffered an adverse employment decision because of the disability." *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015) (citation omitted); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973). If a plaintiff can make this *prima facie* case, the burden shifts to the defendant to articulate some "legitimate, non-discriminatory reason for its action." *St. Martin v. City of St. Paul*, 680 F.3d 1027, 1033 (8th Cir. 2012). The Supreme Court has held, however, that "the ordinary rules for assessing sufficiency of a complaint apply" to employment discrimination cases, and a plaintiff need not plead a *prima facie* case of discrimination to establish a plausible claim for relief. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). The Eighth Circuit has clarified that the elements of a *prima facie* case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim." *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (citations omitted); *see also Von Bokel v. McHugh*, No. 4:13-CV-2517 CAS, 2015 WL 357081, at *6 (E.D. Mo. Jan. 27, 2015) ("The elements of a prima facie case are relevant to a plausibility determination.").

In a reasonable accommodation case, the discrimination "is framed in terms of the failure to fulfill an affirmative duty – the failure to reasonably accommodate the disabled individual's limitations" as required by the ADA. *E.E.O.C. v. Prod. Fabricators, Inc.*, 763 F.3d 963, 971 (8th Cir. 2014) (citation omitted). The employee and employer must engage in an "interactive process" to determine the necessity and nature of any potential accommodation. *Ballard v. Rubin*, 284 F.3d 957, 961 (8th Cir. 2002); *see also* 29 C.F.R. § 1630.2(o)(3) (discussing potential

4

need for interactive process to determine appropriate accommodation). To demonstrate an

employer did not engage in an interactive process, a plaintiff must show (1) the employer knew

about the employee's disability; (2) the employee requested accommodations or assistance for

his or her disability; (3) the employer did not make a good faith effort to assist the employee in

seeking accommodations; and (4) the employee could have been reasonably accommodated but

for the employer's lack of good faith. *Schaffhauser*, 794 F.3d at 906 (citation omitted).

## III.   ANALYSIS

### Plaintiff's Alleged Disability

Plaintiff must be disabled within the meaning of the ADA to succeed on her claim.

*Hustvet v. Allina Health Sys.*, 910 F.3d 399, 410 (8th Cir. 2018). The ADA defines disability as

"a physical or mental impairment that substantially limits one or more major life activities." 42

U.S.C. § 12101(1)(A). Plaintiff alleges that she has asthma and experiences "[f]lare ups or

episodic attacks [which] are unpredictable attacks to an individual's respiratory system that

substantially limits the ability to breathe." (Doc. 12 at 12, ¶¶ 8, 11). Plaintiff has been

hospitalized more than once for asthma and relies on medication to manage her condition. (*Id.* at

¶¶ 12, 14). During the summer of 2020, Plaintiff contracted pneumonia after suffering an asthma

attack at work and then returned to work "physically exhausted and struggling to complete

assignments." (*Id.* at 13, ¶¶ 27-30). Defendant argues that Plaintiff's "purported disability does

not substantially limit any major life activity" and notes that Plaintiff has continued to work.

(Doc. 20 at 5-6).

The Court is required to accept Plaintiff's factual allegations as true for purposes of this

motion to dismiss. Courts in this district have often assumed or found that asthma may rise to the

level of a disability which substantially limits a plaintiff's major life activities. *See Donnelly v.*

*St. John's Mercy Med. Ctr.*, 635 F. Supp. 2d 970, 996 (E.D. Mo. 2009); *Taylor v. Woodbridge*

5

*Corp.*, 2003 WL 21067101, at \*2 (E.D. Mo. Apr. 7, 2003) (denying summary judgment on

failure to accommodate claim where plaintiff had uncontrolled asthma). In *Brewer v. Missouri*

*Department of Corrections*, the defendant sought to dismiss the plaintiff's ADA claim under

Rule 12(b)(6) because plaintiff only mentioned eight asthma attacks in the complaint, and such

"episodic asthma attacks" supposedly could not constitute a disability. No. 4:08-CV-1883 CEJ,

2009 WL 1797877, at \*1 (E.D. Mo. June 24, 2009). The court denied the motion to dismiss and

found that defendant's argument "imposes a heightened pleading standard under which plaintiff

would have to plead the elements of her prima facie case." *Id.* at \*2.

Defendant relies on *Owens v. General Motors Corporation*, where the court recognized

that "individuals who are able to control their asthma symptoms sufficiently to permit them to

engage in normal exertion . . . are not disabled within the meaning of the ADA." No. 4:04-CV-

420 CEJ, 2005 WL 2172041, at \*4 (E.D. Mo. Sept. 7, 2005) (citations omitted). Like many of

the cases cited by Defendant, however, the *Owens* decision came at summary judgment. At this

early stage of litigation, where the Court has limited information regarding Plaintiff's medical

condition, the Court finds that Plaintiff has plausibly alleged that her asthma amounts to a

disability under the ADA. Defendant may raise this argument again on summary judgment if

Plaintiff fails to demonstrate that her asthma substantially limits one or more major life activities.

### Adverse Employment Action

In order to make a *prima facie* case of discrimination, a plaintiff typically must establish

that he or she suffered "an adverse employment action due to her disability." *Kelleher v. Wal-*

*Mart Stores, Inc.*, 817 F.3d 624, 631 (8th Cir. 2016) (citation omitted). "An adverse employment

action is a tangible change in working conditions that produces a material employment

disadvantage." *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 671 (8th Cir. 2006) (citation

omitted). "[N]ot everything that makes an employee unhappy is an actionable adverse action." *Sellers v. Deere & Co.*, 791 F.3d 938, 942 (8th Cir. 2015) (citation omitted).

Plaintiff consistently alleges that she suffered an adverse employment action when Defendant reprimanded her and threatened termination for issues relating to attendance in November 2020. (Doc. 12 at 15, ¶ 61; Doc. 24 at ¶ 15). While Plaintiff received a formal "write-up," she remains employed by Defendant and does not allege any reduction in pay or benefits stemming from this incident. Defendant contends this incident does not amount to an adverse employment action under applicable precedent. This Court agrees.

Courts in the Eighth Circuit have consistently held that "[f]ormal criticisms or reprimands that are not accompanied by additional disciplinary action such as a negative change in grade, salary or other benefits, do not constitute adverse employment actions." *Donnelly*, 635 F. Supp. 2d at 993 (citation omitted). As the Eighth Circuit has explained, a "reprimand is an adverse employment action only when the employer uses it as a basis for changing the terms or conditions of the employee's job for the worse." *Elnashar v. Speedway SuperAmerica, LLC*, 484 F.3d 1046, 1058 (8th Cir. 2007) (citation omitted); *see also Charleston v. McCarthy*, 926 F.3d 982, 990 (8th Cir. 2019). Because Plaintiff only received a reprimand and did not experience any change in the conditions of her employment, the November 2020 attendance incident is not an adverse employment action.

This Court has an obligation, however, to construe Plaintiff's Amended Complaint liberally. *Estelle*, 429 U.S. at 106. Plaintiff alleges that she requested specific accommodations for her asthma condition, and Defendant failed to make such reasonable accommodations. The Court will construe Plaintiff's Amended Complaint as arguing that the failure to accommodate itself constitutes an adverse employment action. The Eighth Circuit has held that an employer may "commit[] an adverse employment action if the employee in need of assistance actually

7

requested but was denied a reasonable accommodation." *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1060 (8th Cir. 2016) (citation omitted); *see also Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1077 n.5 (8th Cir. 2006) ("Because the alleged failure to accommodate is the adverse action and no other act is claimed as discriminatory, there is no requirement to demonstrate any adverse action other than the failure to accommodate."). When explaining why the plaintiff could not establish an adverse employment action, the *Dick* court noted that the defendant's "accommodations were reasonable and enabled [plaintiff] to perform the essential functions of her job." *Id.* Relying in part on *Dick*, a court in this district recently held that failure to provide a reasonable accommodation may amount to an adverse employment action. *Perkins-Moore v. McDonough*, No. 4:19-CV-1892 DDN, 2021 WL 3885564, at *2-3 (E.D. Mo. Aug. 31, 2021); *see also Peebles v. Potter*, 354 F.3d 761, 766 (8th Cir. 2004) ("The failure to make reasonable accommodations is a separate form of prohibited discrimination.").

There appears to be some disagreement and confusion as to whether a plaintiff bringing a failure to accommodate claim must identify an adverse employment action besides the failure to accommodate itself. *See Tomshack v. Wilkie*, No. 4:20-CV-4037 RAL, 2022 WL 406075, at *9-10 (D.S.D. Feb. 10, 2022) (discussing circuit split and noting that "the elements of a reasonable accommodation claim are unclear under Eighth Circuit precedent"); *see also* Nicole B. Porter, *Adverse Employment Actions in Failure-To-Accommodate Claims: Much Ado About Nothing*, N.Y.U. L. REV. ONLINE 1 (2019). In this Court's view, it appears entirely logical and consistent with the purposes of the ADA that a failure to accommodate claim should not require proof of a separate adverse employment action. *See Exby-Stolley v. Bd. of Cty. Comm'ns*, 979 F.3d 784 (10th Cir. 2020) (en banc) (holding adverse employment action is *not* an element of a failure to accommodate claim). Otherwise, an employee suffering from a disability would have no

recourse under the ADA against an employer who refused to provide reasonable accommodations but did not take any other adverse action.

The Court notes that the Eighth Circuit recently considered a failure to accommodate claim and applied a test which did not require any additional adverse employment action. *See Garrison v. Dolgencorp, LLC*, 939 F.3d 937, 941 (8th Cir. 2019) (citation omitted); *see also Nahal v. Allina Health Sys.*, 842 F. App'x 9 (8th Cir. 2021) (per curiam) (applying test as stated in *Garrison*). The *Garrison* court did not address whether the plaintiff had alleged any separate adverse employment action on this claim. *But see Ehlers v. Univ. of Minn.*, 34 F.4th 655, 659 (8th Cir. 2022) (stating the test for failure to accommodate claim as including adverse employment action). In these circumstances, particularly at this early stage of litigation, the Court declines to dismiss Plaintiff's entire claim merely because she has not established an adverse employment action separate from Defendant's failure to accommodate her asthma.

Defendant's Failure to Accommodate

Defendant contends that Plaintiff fails to state a plausible claim for relief because she did not provide relevant details of her disability or propose a reasonable accommodation. (Doc. 20 at 8-9). An employee and employer must engage in an "interactive process" to determine the necessity and nature of any potential accommodation. *Ballard*, 284 F.3d at 961. Plaintiff alleges that she informed Defendant of her asthma condition on multiple occasions, requested the reasonable accommodation of being scheduled on lighter days, and Defendant refused to provide such accommodation despite being capable of doing so. (Doc. 12 at 14-15). Plaintiff has provided records in support of these allegations. (Doc. 12-1 at 54). *Compare Bohner v. Union Pac. R.R. Co.*, No. 4:19-CV-2581 SEP, 2020 WL 5517575, at *3 (E.D. Mo. Sept. 14, 2020) (dismissing failure to accommodate claim where plaintiff did not request any accommodation).

The Court finds that Defendant's arguments present factual issues not appropriate for resolution at the motion to dismiss stage. The decisions on which Defendant rely both came on summary judgment. *See Penn-Hicks v. Dejoy*, No. 18-204-CV-W-BP, 2021 WL 5534690 (W.D. Mo. May 17, 2021); *Whittington v. Tyson Foods, Inc.*, No. 2:19-CV-4214-NKL, 2020 WL 7074185 (W.D. Mo. Nov. 2, 2020). As indicated above, "the ordinary rules for assessing sufficiency of a complaint apply" to Plaintiff's claim. *Swierkiewicz*, 534 U.S. at 510-11 (2002). Defendant may raise these issues again on summary judgment if Plaintiff is unable to substantiate her claim with supporting facts. *See Lewis v. Sw. Bell Tel. Co.*, No. 20-CV-3373-SRB, 2021 WL 232131, at *4 (W.D. Mo. Jan. 22, 2021) (describing plaintiff's allegations supporting failure to accommodate claim as "enough to survive dismissal"). Accepting all allegations in the Amended Complaint as true and drawing all reasonable inferences in her favor, the Court finds that Plaintiff has stated a plausible failure to accommodate claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant EQH Service Company, LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 19) is **DENIED**.

Dated this 22nd day of June, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE